FILED

AUG 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SCOTT J. SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1126 (UNA) |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted, but the complaint will be dismissed for lack of subject matter jurisdiction.

Plaintiff is a prisoner in federal custody serving a sentence imposed by the United States District Court for the Northern District of Ohio. (Compl. ¶ 5.) The complaint alleges that a policy of the defendant Bureau of Prisons (BOP) is unfair as applied to plaintiff, because it treats financial gifts from friends and family as "income" for purposes of the Inmate Financial Responsibility Program. (¶¶ 10, 15, 19.) He alleges that the BOP placed him in a "punitive program" (*id.* ¶ 14) after he refused to participate in the Inmate Financial Responsibility Program on a basis that would result in him paying restitution at a rate faster than he believes is required by the sentencing court's restitution order (*id.* ¶¶ 5, 18, 20). He asserts that the BOP has no authority to substitute the court's restitution order with its own program (*id.* ¶ 18), and that imposing sanctions on him for refusing to participate in the Inmate Financial Responsibility Program is "unlawful" (*id.* ¶ 21).

A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff does not identify any law, treaty, or provision of the Constitution that defendant has violated, and the Court is aware of none. Moreover, the defendant is an agency of the United States of America. The United States of America, as a sovereign government, enjoys immunity from suit unless it has expressly consented to suit. The plaintiff has not identified any law through which the defendant has waived its sovereign immunity to a suit such as this, and the Court is aware of none. The Court concludes that it does not have subject matter jurisdiction over this case. Accordingly, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

A related final Order accompanies this Memorandum Opinion.

Date: 8/13/08

/s/ Ricardo M. Urbina
United States District Judge